IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:25-cr-00426-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| MONTEZ ANTOWAN FORREST, | ) | |
| a/k/a "Tez" | ) | |

**PRELIMINARY ORDER OF FORFEITURE
AS TO MONTEZ ANTOWAN FORREST**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Montez Antowan Forrest, ("Forrest", "Defendant"), based upon the following:

1.    On March 11, 2025, an Indictment ("Indictment") was filed charging Forrest with:

Counts 1, 2, 3:    Possession with intent to distribute and did distribute a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

Count 4:    Possession with intent to distribute a quantity of oxycodone, a quantity of cocaine base, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C);

Count 5:    Possession of firearms and ammunition, after having been convicted of a felony punishable by more than a year in prison, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);

Count 6:    Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C., § 924(c)(1)(A)(i).

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that, upon Forrest's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to, the following:

A.    <u>Firearms</u>:

(1)    Smith and Wesson, Model SD40VE, .40 caliber semiautomatic pistol with a magazine
Serial Number: FEJ3216
Asset ID: 24-ATF-035897

(2)    Glock, Model 21, .45 caliber semiautomatic pistol with a magazine
Serial Number: AFBW287
Asset ID: 24-ATF-035899

(3)    Glock, Model: 19, 9mm semiautomatic pistol and magazine[1]
Serial Number: BUBE651
Asset ID: 24-ATF-0358

(4)    Glock, Model 20, 10mm semiautomatic pistol with a magazine
Serial Number: BWTD249
Asset ID: 24-ATF-035938

(5)    Glock, Model 34, 9mm semiautomatic pistol with an extended magazine
Serial Number: WAS312
Asset ID: 24-ATF-035944

(6)    Norinco, Model MAK-90 Sporter, 7.62 x 39mm caliber semiautomatic rifle
Serial Number: 9368994
Asset ID: 24-ATF-035942

(7)    FN, Model Five-Seven, .57 caliber semiautomatic pistol with a magazine
Serial Number: 386332052
Asset ID: 24-ATF-035947

B.    <u>Ammunition</u>:

(1)    Miscellaneous rounds of 9mm ammunition
Asset ID: 24-ATF-035945

---

[1] The Glock Model 19, 9mm semi-automatic pistol and magazine, S/N: BUBE651 is stolen and will be returned to the owner at the conclusion of this case.

      (2)        Miscellaneous rounds of 10mm ammunition
Asset ID: 24-ATF-035939

      (3)        Miscellaneous rounds of .40 caliber ammunition
Asset ID: 24-ATF-035898

      (4)        Miscellaneous rounds of 7.62 x 39mm ammunition
Asset ID: 24-ATF-035941

      (5)        Miscellaneous rounds of .57 x 28 caliber ammunition
Asset ID: 24-ATF-035943

C.      <u>Proceeds/Forfeiture Judgment</u>:[2]

A sum of money equal to all property the Defendant obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of his violation of 21 U.S.C. § 841.

3.      On November 3, 2025, Forrest signed a plea agreement and pled guilty to counts 4 and 6.

4.      Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to U.S.C § 924(d)(1),  21 U.S.C. §§ 853 and 881 and 28 U.S.C. § 2461(c).

5.      The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offenses for which Forrest has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.      The below-described property, and all right, title, and interest of the Defendant,

---

[2] The government is not pursuing a forfeiture judgment against the defendant.

Montez Antowan Forrest, in and to such property, is hereby forfeited to the United States of

America, for disposition in accordance with law, subject to the rights of third parties in such

property under 21 U.S.C. § 853(n):

Firearms:

(1)    Smith and Wesson, Model SD40VE, .40 caliber
semiautomatic pistol with a magazine
Serial Number: FEJ3216
Asset ID: 24-ATF-035897

(2)    Glock, Model 21, .45 caliber semiautomatic pistol with a
magazine
Serial Number: AFBW287
Asset ID: 24-ATF-035899

(3)    Glock, Model 20, 10mm semiautomatic pistol with a
magazine
Serial Number: BWTD249
Asset ID: 24-ATF-035938

(4)    Glock, Model 34, 9mm semiautomatic pistol with an extended
magazine
Serial Number: WAS312
Asset ID: 24-ATF-035944

(5)    Norinco, Model MAK-90 Sporter, 7.62 x 39mm caliber
semiautomatic rifle
Serial Number: 9368994
Asset ID: 24-ATF-035942

(6)    FN, Model Five-Seven, .57 caliber semiautomatic pistol
with a magazine
Serial Number: 386332052
Asset ID: 24-ATF-035947

B.    Ammunition:

(1)    Miscellaneous rounds of 9mm ammunition
Asset ID: 24-ATF-035945

(2)    Miscellaneous rounds of 10mm ammunition
Asset ID: 24-ATF-035939

(3)    Miscellaneous rounds of .40 caliber ammunition
Asset ID: 24-ATF-035898

(4)    Miscellaneous rounds of 7.62 x 39mm ammunition
Asset ID: 24-ATF-035941

(5)    Miscellaneous rounds of .57 x 28 caliber ammunition
Asset ID: 24-ATF-035943

2.    Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

3.    The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4.    Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5.    Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6.    Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature

and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7.    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.    The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.    The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.    Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

11.    The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

March 26, 2026
Charleston, South Carolina